UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTURY SURETY COMPANY,                :        13 Civ. 9049 (LGS)
                      Plaintiff,   :
      -against-                           :        ORDER & OPINION ON
WHISPERS INN LOUNGE, INC., et al.,      :        MOTION FOR DEFAULT
                    Defendants.  :            JUDGMENT
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Defendant Whispers Inn Lounge, Inc. ("Whispers") operates a bar in the Bronx, where on July 6, 2012, Ernest Long allegedly shot and killed Dwight Lewis.[1] On September 26, 2013, Defendant Bridgette Lewis, the administrator of Mr. Lewis' estate, commenced an action in New York State Supreme Court against Whispers and Defendant 1226 E. Gunhill Road, LLC ("Gunhill"), seeking money damages for Mr. Lewis' wrongful death. On December 20, 2013, Plaintiff Century Surety Company ("Century") commenced the present action against Defendants Whispers, Gunhill and Lewis seeking, inter alia, a declaratory judgment that its insurance policy with Whispers neither provides coverage for, nor obliges it to defend or indemnify against, any of the liability claims asserted by Defendant Lewis in state court. Because Century allegedly relied on material misrepresentations by Whispers in providing Whispers with an insurance policy, Century also seeks a declaration that its insurance policy with Whispers be rescinded as void ab initio.

      All of the defendants, except for Whispers, have entered appearances. Whispers was duly served with the Summons and Complaint on January 9, 2014, and Century filed the proof of service on January 27, 2014. Whispers has neither appeared nor taken any action in this case. On March 25, 2014, the Clerk of Court issued a certificate of default against Whispers. Century now moves for default judgment against Whispers, in which it seeks to have this Court declare that the insurance policy at issue does not provide coverage in the underlying wrongful death action and

---

[1] Unless otherwise noted, the facts are taken from the Complaint.

that the policy should be rescinded ab initio.  The motion is denied without prejudice.

A district court has discretion over "dispositions of motions for entries of defaults and default judgments."  *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).  In cases of joint and several liability, where a complaint "makes a joint charge against several defendants," and only one defendant defaults, courts should not enter "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause."  *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  "[F]ollowing *Frow*, when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until" the action is decided on the merits as to "the remaining defendants."  *Diarama Trading Co.v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2002 WL 31545845, at *3 (S.D.N.Y. Nov. 13, 2002) (internal quotation marks, alterations and citations omitted).

The preferred practice of delaying entry of default judgment against the defaulting defendant in a multi-defendant case is particularly appropriate here.  Defendant Gunhill argues that it is an additional insured on Century's policy with Whispers.  Granting Century's requested relief and declaring that the underlying action is not covered or that the policy be rescinded ab initio, would, in effect, decide the case for Gunhill, even though it disputes Century's claims.

Accordingly, Century's motion for default judgment against Defendant Whispers is DENIED without prejudice to renewal pending the outcome of this case against the remaining defendants.

The show cause hearing scheduled for December 15, 2014, is hereby CANCELED as moot.

SO ORDERED.

Dated: December 15, 2014
      New York, New York

2

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE