UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                       :
CENTURY SURETY COMPANY ,            :
                         Plaintiffs,    :
                                         :
                -against-          :
                                         :
WHISPERS INN LOUNGE, INC., et al.,   :
                        Defendants.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_02/10/2016__

13 Civ. 9049 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Century Surety Company ("Century") and Defendant 1226 E. Gunhill LLC

("Gunhill") bring cross-motions for summary judgment. The parties dispute Century's obligation

to defend and indemnify in a wrongful death action. The two other Defendants are Whispers Inn

Lounge, Inc. ("Whispers")[1] and Bridgette Lewis, in her capacity as the administrator of Dwight

Lewis, who is deceased. For the following reasons, Defendant Gunhill's motion for summary

judgment is denied, and Plaintiff Century's motion for summary judgment is granted.

**BACKGROUND**

      The facts summarized below are taken from the parties' submissions.

     **I.**      **The Insurance Policy**

      On or about February 21, 2011, Whispers completed an application for insurance with

Plaintiff Century. The application requires applicants to state whether any crimes occurred or

have been attempted on the premises to be insured within the prior three years. Whispers'

application states that no crimes occurred or had been attempted in the prior three years.

Plaintiff's underwriting guidelines state that coverage is prohibited to "risks known for illegal

activities, shootings, assaults or outbreaks of violence."

---

[1] Defendant Whispers has defaulted in this action. Plaintiff's motion for a default judgment against Defendant Whispers was denied without prejudice in the Order and Opinion dated December 15, 2014.

Century issued a policy to Whispers and listed Gunhill as an additional insured.  The policy contained several endorsements, including one that excluded "bodily injury" and "property damage" arising from "any actual, threatened or alleged assault or battery," and "the failure to any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery" (the "Exclusion").  Under the policy, "bodily injury" includes death.  The Exclusion further disclaims any duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration or other proceeding arising out of conduct covered by the Exclusion.

Gunhill had primary coverage through another insurance policy issued by Markel.

## II.      The Underlying Incident

Gunhill was the owner of a premises called Whispers Lounge located on Gunhill Road in the Bronx.  Gunhill leased the premises to Defendant Whispers for use as a bar and nightclub.  On July 6, 2012, Ernest Long entered the lounge after passing through security personnel and screening at the front doors and shot and killed Dwight Lewis.  Bridgette Lewis, in her capacity as the administrator of Dwight Lewis ("Lewis"), commenced the underlying action alleging that this incident occurred because of the negligence and recklessness of Defendants Whispers and Gunhill, and further alleging that Defendants knew violent crimes had occurred at the premises.  Plaintiff has submitted multiple logs from the New York City Police Department of complaint calls about criminal activity at Whispers Lounge in 2008, 2009, 2010 and 2011.  On February 9, 2015, Long pleaded guilty to manslaughter in the first degree in connection with the death of Dwight Lewis.  Long confirmed at his guilty plea that the killing had occurred at Whispers Lounge.

### III.    Century's Letters to Gunhill

On December 3, 2013, Century sent a letter to Whispers and to Gunhill, acknowledging receipt of Lewis's complaint in the underlying action and stating that Century had reviewed the complaint and Whispers' policy.  In the letter to Whispers, Century said that it "currently will provide you with a defense in this lawsuit, subject to the [Exclusion]."  In the letter to Gunhill, Century acknowledged Gunhill as an additional insured under the policy, but said that "Markel will be primary and bear the defense obligation for [Gunhill]."  Century explained its current coverage position in both letters, including that if Dwight Lewis's death were found to be caused by an assault or battery under the terms of the policy, Century disclaimed all coverage as provided in the Exclusion.

### **STANDARD**

The standard for summary judgment is well established.  Summary judgment is appropriate where the record before the court establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c)(1); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002).  Courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor.  *See Young v. United*

*Parcel Serv., Inc.*, 135 S. Ct. 1338, 1347 (2015); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S at 248.

## DISCUSSION

Pursuant to the clear and unambiguous provisions of the Exclusion, coverage is barred on claims arising out of the death of Dwight Lewis.  Plaintiff's motion for summary judgment is granted, and Defendant Gunhill's motion for summary judgment is denied.

## I.      Scope of the Exclusion

"Under New York law,[2] the interpretation of an insurance policy generally presents a question of law."  *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 115 (2d Cir. 2005) (citing *Hartford Acc. & Indem. Co. v. Wesolowski*, 33 N.Y.2d 169, 172 (1973).  The terms of the policy are to be "liberally construed in favor of the insured."  *Allianz*, 416 F.3d at 116 (citation omitted).  "'In the interpretation process, an unambiguous provision must be given its plain and ordinary meaning.'"  *Id.* (quoting *State of New York v. Am. Mfrs. Mut. Ins. Co.*, 188 A.D.2d 152, 593 (N.Y. App. Div. 1993)).

Based on the unambiguous language of the Exclusion, Century has no duty to defend or indemnify Gunhill in the underlying action.  The Exclusion disclaims coverage of any bodily injury, including death, caused by an actual, threatened or alleged assault or battery and further disclaims any duty to defend or indemnify any suit seeking relief for an injury arising out of such

---

[2] This opinion applies New York law because both parties do. *See Arch Ins. Co. v. Precision Stone, Inc.,* 584 F.3d 33, 39 (2d Cir. 2009) ("The parties' briefs assume that New York substantive law governs the issues . . . presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law." (citations omitted)).

bodily injury.  Here, the term "bodily injury" applies to the death of Dwight Lewis.  Ernest Long's shooting of Dwight Lewis unambiguously falls within the ordinary meaning of the term "assault and battery."  The exclusion of coverage for bodily injury resulting from the "failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery," on its face, applies to the claim against Gunhill in the underlying action.

Defendant does not argue that the Exclusion is inapplicable.  Instead it argues that the Exclusion is ambiguous because it does not expressly list negligent security as an excluded action in section 1(e).  Under New York law, assault and battery exclusions like the Exclusion preclude coverage for injuries even where the claims are brought as negligence claims.  In *U.S. Underwrites Ins. Co. v. Val-Blue Corp.*, 85 N.Y.2d 821, 823 (1995), the New York Court of Appeals held that an assault and battery exclusion applied to claims for negligence arising out of facts constituting an assault and battery -- namely, a shooting by an employee of the insured.  In *Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 88 N.Y.2d 347, 352 (1996), the Court of Appeals similarly held that "while the theory pleaded may be the insured's negligent failure to maintain safe premises, the operative act giving rise to any recovery is the assault. . . .  Merely because the insured might be found liable under some theory of negligence does not overcome the policy's exclusion for injury resulting from assault," where the assailant was a third party.  Consequently, the Exclusion unambiguously applies to the facts at issue here.

## II.    Sufficiency of the Disclaimers

The December 3, 2013, letter Century sent to Gunhill is sufficient under New York Insurance Law § 3420(d) for Plaintiff Century to disclaim coverage.  New York Insurance Law § 3420(d) provides, in pertinent part:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d)(2) (McKinney 2013).  The New York Court of Appeals, in *QBE Ins. Corp. v. Jinx-Proof Inc.*, 22 N.Y.3d 1105, 1107 (2014), held that a disclaimer was sufficient to fulfill the requirements of the statute where it offered a defense to the extent that the policy in that case provided coverage but stated that coverage was specifically excluded for assault and battery claims pursuant to an exclusion similar to the one in the present case.

Defendant Gunhill does not dispute the timeliness of the letter.  Gunhill argues instead that the letter is insufficient to serve as notice of a disclaimer of liability and is merely a "reservation of rights."  This argument is incorrect.  After quoting the Exclusion in full, the letter states that "the circumstances . . . remain unclear;" that "the shooter[] has been criminally charged;" and that "[i]n the event it is determined that Dwight Lewis' death was caused by an assault or battery, including . . . an intentional shooting, the Exclusions - Assault and Battery, above, will operate to bar coverage for this claim.  To the extent the damages sought in the [Lewis] complaint relate to an assault or battery, Century hereby disclaims all coverage."  The letter thus clearly identifies the conduct excluded, the provision of the policy under which it is excluded, and that the coverage that is disclaimed.  That the letter is labeled "partial disclaimer" is immaterial.

Because summary judgment is granted on the applicability of the Exclusion to the claims at issue here, it is unnecessary to address whether any coverage provided to Gunhill would be in excess of coverage provided under the Markel policy.  It is similarly unnecessary to reach the

issue of rescission, as Century has no duty to defend or indemnify in connection with events that lead to the death of Dwight Lewis at Whispers Lounge.  To the extent that Century seeks to recoup any expenses it incurred in the defense of Whispers in the underlying action, Century may renew its motion for default judgment against Whispers.

## CONCLUSION

For the foregoing reasons, Plaintiff Century's motion for summary judgment is GRANTED, and Defendant Gunhill's motion for summary judgment is DENIED.  Century is directed to file any motion for default judgment against Whispers no later than February 24, 2016.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 60 and 74.

Dated: February 10, 2016
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**